UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THISTLE COMMUNICATIONS,
LLC,

    Plaintiff,

v.                                               Case No.:  2:18-cv-679-KCD

E-1 MACHINE, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Thistle Communications, LLC's Motion for Proceedings Supplementary to Execution and to Implead Third-Party Defendants. (Doc. 72.) For the reasons below, the motion is granted in part and denied in part.

## I. Background

In 2018, Thistle contracted with Defendant E-1 Machine, LLC to purchase an "outdoor mobile video screen trailer." (Doc. 72 ¶ 5.)[1] The product delivered, according to Thistle, was nothing "close to the agreed-upon . . . trailer." (*Id.*) This lawsuit for breach of contract followed. (Doc. 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

E-1 initially appeared and defended the case. But after its counsel withdrew, E-1 defaulted. (Doc. 55.) The Court ultimately entered a judgment in Thistle's favor. (Doc. 63.)

Judgment in hand, Thistle started collection efforts. It first filed a writ of garnishment with E-1's bank. (Doc. 66.) Then, when the bank reported no assets, Thistle subpoenaed two non-parties: Stephen Sholl and Event Machine, Inc. (*See* Doc. 68.) Some additional background is needed here. Stephen Sholl is the owner and manager of E-1. Sholl also owns and operates Event Machine Inc., which according to Thistle, is "an active business engaging in the same business activities as E-1." (Doc. 72 ¶ 38.) While not explicitly stated, it appears Thistle issued the subpoenas to determine whether Sholl moved money from E-1 to Event Machine to avoid the judgment. Sholl petitioned to quash the subpoenas, but his request was denied. (Doc. 69.)

That brings us to Thistle's pending motion to commence proceedings supplementary and implead Sholl and Event Machine. (Doc. 72.) According to Thistle, "both Event Machine and Sholl have received [money] from E-1 that was not exempt and could have been used to satisfy E-1's judgment." (*Id.* ¶ 47.)

## II. Analysis

Proceedings supplementary are governed by Federal Rule of Civil Procedure 69. They are not independent causes of action but rather "post-judgment proceedings that permit a judgment creditor to effectuate a judgment

2

lien." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011). Put simply, proceedings supplementary allow a judgment creditor to marshal the assets of a judgment debtor in the hands of an impleaded party without having to initiate a separate action. *See Est. of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011).

Rule 69 provides that proceedings supplementary "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. In Florida, post-judgment proceedings are governed by Fla. Stat. § 56.29. This statute "empowers the Florida court that rendered a judgment to order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." *Est. of Jackson*, 812 F. Supp. 2d at 1309.

Section 56.29(1) imposes two jurisdictional requirements for the commencement of proceedings supplementary: (1) an unsatisfied judgment or judgment lien and (2) an affidavit claiming the judgment is valid and unsatisfied along with a list of persons to be impleaded. *Morningstar Healthcare, L.L.C. v. Greystone & Co.*, No. 8:05-CV-949-T-MAP, 2008 WL 1897590, at *1 (M.D. Fla. Apr. 28, 2008). Nothing else is required. And "[u]pon a showing of the statutory prerequisites, the court has no discretion to deny

3

the motion." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018).

Thistle has satisfied the requirements of § 56.29. In an affidavit, Thistle claims it has a valid and outstanding judgment totaling $125,599.49. (Doc. 72-2.) Its motion further details that Sholl transferred money from E-1 to Event Machine shortly after the judgment was entered. (Doc. 72 ¶¶ 20-37.) Based on these statements, Thistle may commence proceedings supplementary against Sholl and Event Machine. *See, e.g.*, *Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 851 (11th Cir. 2016) ("If the party satisfies the statutory requirements and alleges that the judgment debtor has transferred property to delay, hinder, or defraud creditors, no other showing is necessary in order to implead the third party[.]").

Once supplementary proceedings are allowed, as here, § 56.29(2) provides that the court will issue a notice to appear that "describe[s] with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment[.]" *Id.* Thistle has filed proposed notices for Sholl and Event Machine. (Doc. 73, Doc. 74.) But there is a problem. Thistle demands that Sholl and Event Machine refute allegations that they are alter-egos of E-1. Proceedings supplementary are not the appropriate mechanism to address alter-ego liability. *See, e.g.*, *KHI Liquidation Tr. v. S&T Painting*, No. 8:17-MC-133-T-35JSS, 2018 WL 1726435, at *2 (M.D. Fla. Apr. 10, 2018).

4

Thus, Sholl and Event Machine should not have to defend themselves against such claims trough a § 56.29 notice. *See, e.g.*, *SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-MC-00008-CEH-JSS, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018). If Thistle wishes to proceed with supplementary proceedings, it must file notices that align with the scope of § 56.29. *See In re Amendments to Fla. Rule of Civil Procedure 1.570 & Form 1.914*, 244 So. 3d 1009, 1010 (Fla. 2018) (providing required form for notice to appear); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-CV-366-ORL-40LRH, 2020 WL 13104165, at *3 (M.D. Fla. Aug. 10, 2020) (explaining "it is incumbent upon [the judgment creditor] to provide the Court with the Notices to Appear" since it is the judgment creditor's "duty to identify the property, debt, or other obligation that may be available to satisfy the judgment").

That leaves Thistle's last request, which is to file a supplemental complaint against Sholl and Event Machine. (Doc. 72 at 18.) Thistle "seeks to hold [them both] liable as E-1's alter ego." (*Id.* at 20.) Furthermore, according to Thistle, Event Machine and Sholl received fraudulent transfers following the judgment. (*Id.* at 21.) These claims are appropriate as an impleader action provided the Court has jurisdiction. *See KHI Liquidation Tr.*, 2018 WL 1726435, at *2; *Dealer Specialities Int'l, Inc. v. Car Data 24/7, Inc.*, No. 6:18-MC-58-ORL-41LRH, 2020 WL 2065845, at *3 (M.D. Fla. Apr. 13, 2020).

Accordingly, it is **ORDERED**:

1. Plaintiff Thistle Communications, LLC's Motion for Proceedings Supplementary to Execution and to Implead Third-Party Defendants (Doc. 72) is GRANTED IN PART.

2. Thistle may implead Sholl and Event Machine once proper notices to appear have been filed with the Court.

3. By February 10, 2023, Thistle shall do the following:

    a. File proposed notices to appear with the Court. Assuming the notices are proper, the Court will direct the Clerk to issue them to Thistle for service.

    b. Separately file a supplemental complaint if Thistle seeks to pursue relief through Chapter 726 or hold Sholl and Event Machine liable for the judgment under any alter-ego theory.

4. Any other or different relief is DENIED without prejudice.

**ORDERED** in Fort Myers, Florida this January 26, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record